# Supreme Court of Texas

No. 21-1050

John Doe,
*Petitioner*,

v.

Roman Catholic Diocese of Dallas,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE LEHRMANN, concurring in the denial of the petition for review.

In a well-reasoned opinion, the court of appeals held that the ecclesiastical-abstention doctrine bars Doe's fraud claims, which are premised on the Diocese's implementation of an internal policy relating to its investigation of Doe's allegation that a priest had sexually abused him years earlier. 2021 WL 3556830, at *1 (Tex. App.—Dallas Aug. 11, 2021). As the court explained, courts may not adjudicate claims that ask us to evaluate whether the church followed its own canonical rules and internal-affairs policies. *See In re Diocese of Lubbock*, 624 S.W.3d 506, 514 (Tex. 2021) (noting that "if the substance and nature of the

plaintiff's claims are inextricably intertwined with matters of doctrine or church governance, then the case must be dismissed"). I thus agree with this Court's decision to deny Doe's petition for review.

I write separately to reiterate important limiting principles recognized in our ecclesiastical-abstention precedent. First, though courts must "defer[] to religious entities' decisions on ecclesiastical and church polity questions," we will decide non-ecclesiastical issues "based on the same neutral principles of law applicable to other entities." *Masterson v. Diocese of Nw. Tex.*, 422 S.W.3d 594, 596 (Tex. 2013).

Second, and relatedly, "a church is not immune from tort liability merely because it is a church." *In re Diocese of Lubbock*, 624 S.W.3d at 514 n.2. Nor may a church transform a tort or crime into protected religious conduct merely by enacting a policy that touches on it. *Cf. id.* at 514 n.3 (noting that "conduct even under religious guise remains subject to regulation for the protection of society" (quoting *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 12 (Tex. 2008))). But that simply is not what happened here. Doe does not assert claims of sexual abuse against the Diocese, nor does he claim that the Diocese negligently or intentionally allowed the accused priest to harm others despite its knowledge. Rather, as the Diocese argues, Doe's claim is "based on the allegation that the Diocese did not fulfill its alleged promise to follow the ecclesiastical processes described in the Policy when it conducted its investigation into Petitioner's allegations and secured the priest's resignation." The court of appeals correctly determined that resolving Doe's claims would require "reach[ing] behind

2

the ecclesiastical curtain." 2021 WL 3556830, at *8 (quoting *In re Diocese of Lubbock*, 624 S.W.3d at 515).

Accordingly, this case does not present the Court with the opportunity to apply the recognized limits of the ecclesiastical-abstention doctrine and thereby ensure a religious entity does not escape tort liability merely because it is a religious entity. But the Court will not hesitate to do so in an appropriate case.

With these additional thoughts, I respectfully concur in the denial of the petition for review.

Debra H. Lehrmann
Justice

**OPINION FILED:** October 21, 2022

3